1 | Randall J. Sunshine, Esq. (SBN: 137363)
    rsunshine@linerlaw.com
2 | Angela C. Agrusa, Esq. (SBN: 131337)
    aagrusa@linerlaw.com
3 | David B. Farkas, Esq. (SBN: 257137)
    dfarkas@linerlaw.com
4 | LINER GRODE STEIN YANKELEVITZ
    SUNSHINE REGENSTREIF & TAYLOR LLP
5 | 1100 Glendon Avenue, 14th Floor
    Los Angeles, California 90024-3503
6 | Telephone: (310) 500-3500
    Facsimile: (310) 500-3501

E-filing

7

Attorneys for Defendant
8 | BEST WESTERN INTERNATIONAL, INC.

FILE VIA FAX

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

12 | LATROYA SIMPSON, individually and
     on behalf of a class of similarly situated
13 | individuals,

     Case No. 12                4672

14 |          Plaintiff,

     NOTICE OF REMOVAL OF
     CIVIL ACTION

     v.

15 |
     BEST WESTERN INTERNATIONAL,
16 | INC.; and DOES 1-10, inclusive,

     [28 U.S.C. sections 1332(d), 1441,
     1446 and 1453]

17 |          Defendants.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

41390/001/ 1001751v1.0

1       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441,

2 1446 and 1453, Defendant BEST WESTERN INTERNATIONAL, INC.

3 ("Defendant"), contemporaneously with the filing of this Notice, is effecting the

4 removal of the action described below from the Superior Court of the State of

5 California for the County of Alameda to the United States District Court for the

6 Northern District of California.

7       1.     On or about June 20, 2012, Plaintiff LATROYA SIMPSON ("Plaintiff")

8 commenced an action in the Superior Court of the State of California for the County

9 of Alameda entitled, *LATROYA SIMPSON, individually and on behalf of a class of*

10 *similarly situated individuals v. BEST WESTERN INTERNATIONAL, INC., and*

11 *DOES 1-10, inclusive,* Case No. 12635543 (the "State Action"). Attached hereto as

12 Exhibit "A" are true and correct copies of the Complaint and State Civil Case Cover

13 Sheet (collectively, the "Complaint").

14       2.     Exhibits "A" constitute all the process, pleadings, notices and orders

15 delivered to any party in the State Action, and are hereby incorporated by reference.

16       3.     On August 8, 2012, Defendant was served with the Complaint via its

17 registered agent for service of process. Accordingly, this Notice of Removal is

18 timely, as it is filed within thirty (30) days of Defendant's receipt of the Complaint.

19 *See* 28 U.S.C. § 1446(b).

20       4.     **Federal Diversity Jurisdiction Exists Under the Class Action**

21 **Fairness Act of 2005 ("CAFA").** This Action is a civil action which may be

22 removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.

23 §§ 1332(d), 1441, and 1453 in that the matter in controversy exceeds, exclusive of

24 interest and costs, the sum specified in 28 U.S.C. § 1332(d), and is a class action in

25 which, at the time the Complaint was filed and at the time of this removal, any

26 member of a class of plaintiffs is a citizen of a State different from any defendant, as

27

28

41390/001/ 1001751v1.0

1  shown in more detail below.[1] CAFA provides that a class action against a non-
2  governmental entity may be removed if (1) the number of proposed class members is
3  not less than 100; (2) any member of the proposed plaintiff class is a citizen of a
4  State different from any defendant; and (3) the aggregate amount in controversy,
5  exclusive of interest and costs, exceeds the amount set forth in 28 U.S.C. § 1332(d).

6      5.    **Matter in Controversy in Excess of $5,000,000:**  In the Complaint,
7  Plaintiff alleges that from February through July 2011 and in September 2011, she
8  called a central reservation call center allegedly operated by Defendant to "inquire
9  about hotel rates and/or to make reservations."  Complaint ¶¶ 13, 17.  Plaintiff
10 contends that her telephone calls, both incoming and outgoing, were recorded in
11 violation of Penal Code section 632.7.  Complaint ¶¶ 18, 38.  Plaintiff alleges that
12 Defendant had "a policy and practice of using a telephone system that enabled [it] to
13 surreptitiously record and/or monitor conversations between Plaintiff and Class
14 members using cellular or cordless telephones and the Best Western central
15 reservations call center."  Complaint ¶ 35.  Plaintiff seeks statutory damages pursuant
16 to Penal Code § 637.2 in the amount of $5,000 per violation for "[a]ll California
17 residents who, at any time during the applicable limitations period . . . participated in
18 one or more telephone conversations with [Defendant] from a cellular or cordless
19 telephone located in California and whose calls with [Defendant] were recorded
20 and/or monitored by Defendants surreptitiously or without disclosure."  Complaint ¶¶
21 20, 38.

22     6.    During the applicable statute of limitations period, Defendant received
23 well in excess of 1,000 incoming calls from California residents from well over 100

24 _____

25 [1] This Notice of Removal is based on the allegations of the Complaint.  In arguing
   that Plaintiff has alleged facts sufficient to demonstrate removability under CAFA,
26 Defendant does not admit any of Plaintiff's allegations in the Complaint.  Defendant
   does not admit that the Complaint states a claim upon which relief may be granted,
27 nor does Defendant admit that Plaintiff is entitled to any damages, class certification,
   or any of the other relief requested in the Complaint.
28

2
NOTICE OF REMOVAL OF CIVIL ACTION

41390/001/ 1001751v1.0

1 | different telephone numbers. Thus, the Complaint alleges a class of over one
2 | hundred potential members. The $5 million jurisdictional minimum required to
3 | remove a complaint under CAFA may be based on aggregation of the claims of all
4 | potential class members. 28 U.S.C. § 1332(d). Accordingly, this action is removable
5 | under CAFA in that the number of proposed class members is not less than 100 and
6 | the aggregated amount in controversy exceeds the sum specified in 28 U.S.C.
7 | § 1332(d).

8 |      7.    **Diversity of Citizenship**: At all times herein mentioned, Plaintiff was
9 | and still is a citizen of the State of California. *See* Complaint ¶ 4. Plaintiff seeks to
10 | represent a class of "[a]ll California residents who, at any time during the applicable
11 | limitations period preceding the filing of [the] Complaint through the date of
12 | resolution, participated in one or more telephone conversations with [Defendant]
13 | from a cellular or cordless telephone located in California and whose calls with
14 | [Defendant] were recorded and/or monitored by Defendants surreptitiously or
15 | without disclosure." Complaint ¶ 9. At all times herein mentioned, Defendant was,
16 | at the time of the filing of the State Action, and still is, as of the date of this removal,
17 | incorporated in the State of Arizona and maintains its principal place of business in
18 | Phoenix, Arizona. Accordingly, there is sufficient "minimal diversity" under the
19 | Class Action Fairness Act of 2005 to merit removal. *See* 28 U.S.C. § 1332(d)(2)(A).

20 |      8.    This diversity that exists in this action not only satisfies the minimal
21 | diversity of citizenship requirement under CAFA, but also precludes applicability of
22 | exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendant is not a citizen of
23 | the forum state of California.

24 |      10.    For all the foregoing reasons, this Court has original jurisdiction under
25 | 28 U.S.C. §§ 1332(d), 1441(b), 1446 and 1453.
26 | / / /
27 | / / /
28 | / / /

NOTICE OF REMOVAL OF CIVIL ACTION

41390/001/ 1001751v1.0

1    11.    Counsel for Defendant certifies, pursuant to 28 U.S.C. § 1446(d), that it

2  will promptly give notice of filing this Notice of Removal to Plaintiff through his

3  counsel of record and will promptly file with the Clerk of the Superior Court of the

4  State of California, County of Alameda a copy of the Notice of Removal.

5  Dated:  September 7, 2012          LINER GRODE STEIN YANKELEVITZ
                                      SUNSHINE REGENSTREIF & TAYLOR LLP
6

7                                     By:
8                                          Angela C. Agrusa
                                           Attorneys for Defendant
9                                          BEST WESTERN
                                           INTERNATIONAL, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4
NOTICE OF REMOVAL OF CIVIL ACTION

41390/001/ 1001751v1.1

# EXHIBIT "A"

*10324965*

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  CAREY G. BEEN (SBN 240996)
   cbeen@kellergrover.com
3  KELLER GROVER LLP
   1965 Market Street
4  San Francisco, California 94103
   Telephone: (415) 543-1305
5  Facsimile: (415) 543-7861

6  SCOT BERNSTEIN (SBN 94915)
   swampadero@sbernsteinlaw.com
7  LAW OFFICES OF SCOT D. BERNSTEIN,
   A PROFESSIONAL CORPORATION
8  101 Parkshore Drive, Suite 100
   Folsom, California 95630
9  Telephone: (916) 447-0100
   Fax: (916) 933-5533

10

11 Attorneys for Plaintiff
   LATROYA SIMPSON

12

**FILED**
ALAMEDA COUNTY

JUN 2 0 2012

By _Gina Parks_ Exec. Off/Clerk

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR THE COUNTY OF ALAMEDA

15

16 LATROYA SIMPSON, individually and on      )   Case No: 12635543
   behalf of a class of similarly situated   )
17 individuals,                              )   CLASS ACTION
                                             )
18              Plaintiff,                    )   COMPLAINT FOR DAMAGES AND
                                             )   INJUNCTIVE RELIEF
19 v.                                         )
                                             )
20 BEST WESTERN INTERNATIONAL, INC.;          )   DEMAND FOR JURY TRIAL
   and DOES 1 through 10, inclusive,         )
21                                           )
                Defendants.                  )
22 _____)

23

BY FAX

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    Exhibit A  Page 5

## CLASS ACTION COMPLAINT

Plaintiff Simpson, on behalf of herself and a class (the "Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

### INTRODUCTION

1. This class action lawsuit arises out of Defendants' policy and practice of recording and/or intercepting calls made to the telephone number 1-800-780-7234 without the consent of all parties. 1-800-780-7234 connects callers with central reservations for Best Western hotels, a hotel brand of Best Western International, Inc. Defendants then intentionally and surreptitiously record and/or intercept (i.e., monitor) telephone calls made to 1-800-780-7234 ("Best Western central reservations") without warning or disclosing to callers that they are doing so. (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

2. Defendants' policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, et seq.). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication.

3. As a result of Defendants' violations, all individuals who called Best Western central reservations and were recorded or monitored by Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

### PARTIES

4. Plaintiff Simpson is an individual and a resident of California.

5. Best Western International, Inc. ("Best Western International") is a corporation headquartered in Phoenix, Arizona. Best Western International regularly does business throughout the United States. Defendant systematically and continuously does business in California and with California residents.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    1

1 | DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names.

2 | Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

3 | Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named

4 | defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries

5 | and damages, as alleged, are proximately caused by those occurrences.

6 |      7.     "Defendants" means and refers to defendant Best Western International, and the

7 | fictitiously named Defendants, each and all of them.

8 |      8.     Plaintiff is informed and believes and on that ground alleges that, at all relevant

9 | times, each Defendant was the principal, agent, partner, joint venturer, officer, director,

10 | controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

11 | predecessor in interest of some or all of the other Defendants, and was engaged with some or all

12 | of the other Defendants in a joint enterprise for profit, and bore such other relationships to some

13 | or all of the other Defendants so as to be liable for their conduct with respect to the matters

14 | alleged below. Plaintiff is informed and believes and on that ground alleges that each Defendant

15 | acted pursuant to and within the scope of the relationships alleged above, and that each knew or

16 | should have known about and authorized, ratified, adopted, approved, controlled, aided and

17 | abetted the conduct of all Defendants.

18 | <center>**JURISDICTION AND VENUE**</center>

19 |      9.     This Court has subject matter jurisdiction over this action under California Penal

20 | Code §§ 632.7 and 637.2.

21 |      10.     This Court has personal jurisdiction over the parties because defendant Best

22 | Western International continually and systematically has conducted business in the State of

23 | California. Likewise, Plaintiff's rights were violated in the State of California and arose out of

24 | her contact with Best Western International from California.

25 |      11.     Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5

26 | and case law interpreting those sections provide that if a foreign business entity fails to designate

27 | with the office of the California Secretary of State a principal place of business in California, it is

28 | subject to being sued in any county that a plaintiff desires. On information and belief, Defendant

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                2

1  Best Western International is a foreign business entity and failed to designate a principal place of

2  business with the office of the Secretary of State as of the date this Complaint was filed.

3  <center>**FACTUAL ALLEGATIONS COMMON TO THE CLASS**</center>

4       12.     Plaintiff is informed and believes and on that ground alleges that Best Western is

5  a hotel brand owned by defendant Best Western International.

6       13.     Plaintiff is informed and believes and on that ground alleges that Best Western

7  central reservations connects callers to central reservations for Best Western hotels; that the

8  central reservations system is owned and operated by Best Western International; and that all

9  Best Western hotels, including Best Western franchises, are required to participate in the central

10  reservations system.

11       14.     Plaintiff is informed and believes and on that ground alleges that Defendants'

12  employees and agents at the central reservations call center receive incoming calls from callers

13  including California callers.

14       15.     Plaintiff is informed and believes and on that ground alleges that Defendants

15  intentionally have used technology consisting of hardware and/or software to carry out a practice

16  and policy of recording and/or intercepting (i.e., monitoring) those calls made to the central

17  reservations call center.

18       16.     Plaintiff is informed and believes and on that ground alleges that Defendants'

19  employees and agents at the central reservations call center were directed, trained, and instructed

20  to, and did, record and/or monitor telephone calls between the central reservations call center and

21  callers, including California callers.

22       17.     From February through July 2011 and in September 2011, Plaintiff called Best

23  Western central reservations from California using her cellular phone.  Plaintiff called Best

24  Western central reservations to inquire about hotel rates and/or to make reservations.

25  Accordingly, during her telephone calls with Defendants, Plaintiff shared sensitive personal

26  information with Defendants, including her name and credit card information.

27       18.     During Plaintiff's telephone calls to Defendants, Defendants failed to disclose to

28  Plaintiff that her telephone conversations with Defendants were being recorded and/or

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                 3

1    monitored. Plaintiff did not give and could not have given consent for the telephone calls to be

2    recorded or monitored because she was unaware that Defendants were engaged in that practice

3    during the telephone calls. Plaintiff is informed and believes and on that ground alleges that

4    callers who called Best Western central reservations were not informed by Defendants or anyone

5    else that their calls were being recorded and/or monitored. Thus, that recording and/or

6    monitoring necessarily occurred without the callers' knowledge or consent.

7         19.    Because there was no warning that calls would be recorded or monitored, Plaintiff

8    had a reasonable expectation that her telephone conversation with Defendants' employees and

9    agents was, and would remain, private and confined to the parties on the telephone. That

10   recording and/or monitoring without her consent is highly offensive to Plaintiff and would be

11   highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

12                          ## CLASS ACTION ALLEGATIONS

13        20.    Plaintiff brings this action under California Code of Civil Procedure § 382 on

14   behalf of herself and the class (the "Class") defined as follows:

15        All California residents who, at any time during the applicable limitations period

16        preceding the filing of this Complaint through the date of resolution, participated in one

17        or more telephone conversations with the Best Western central reservations call center

18        from a cellular or cordless telephone located in California and whose calls with the Best

19        Western central reservations call center were recorded and/or monitored by Defendants

20        surreptitiously or without disclosure.

21        21.    The Class Plaintiff seeks to represent contains numerous members and is clearly

22   ascertainable including, without limitation, by using Defendants' records and/or Defendants'

23   telephone company's or other toll-free service provider's records regarding calls to Best Western

24   central reservations to determine the size of the Class and to determine the identities of

25   individual Class members. Plaintiff reserves the right under Rule 3.765 of the California Rules

26   of Court to amend or modify the Class definitions or to add subclasses or limitations to particular

27   issues.

28        22.    By their unlawful actions, Defendants have violated Plaintiff's and the Class's

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                                4

1  privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*.

2  The questions raised are, therefore, of common or general interest to the Class members, who

3  have a well-defined community of interest in the questions of law and fact raised in this action.

4      23.    Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from

5  the same violations of the law as other putative Class members. Plaintiff has retained counsel

6  with substantial experience in prosecuting complex litigation and class actions to represent her

7  and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

8      24.    · This action may properly be maintained as a class action under Code of Civil

9  Procedure § 382 because there is a well-defined community of interest in the litigation and the

10  proposed Class is ascertainable.

11  **Numerosity**

12      25.    Based on information and belief, the Class consists of at least seventy-five

13  individuals, making joinder of individual cases impracticable.

14  **Typicality**

15      26.    Plaintiff's claims are typical of the claims of all of the other members of the

16  Class. Plaintiff's claims and the Class members' claims are based on the same legal theories and

17  arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the

18  other Class members.

19  **Common Questions of Law and Fact**

20      27.    There are questions of law and fact common to the Class that predominate over

21  any questions affecting only individual Class members. Those common questions of law and

22  fact include, without limitation, the following:

23          a.    Whether Defendants have a policy or practice of recording and/or

24              intercepting telephone calls made to the Best Western central reservations

25              call center; ·

26          b.    Whether Defendants have a policy or practice of not disclosing to callers

27              whose calls are recorded and/or intercepted that their conversations with

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF         5

1    the Best Western central reservations call center would be recorded and/or

2    monitored;

3            c.      Whether Defendants have a policy or practice of not obtaining callers'

4    consent to record and/or monitor telephone calls made to the Best Western

5    central reservations call center;

6            d.      Whether Defendants violated California Penal Code § 632.7 by recording

7    and/or monitoring telephone conversations between callers and the Best

8    Western central reservations call center surreptitiously and without

9    disclosure;

10           e.      Whether Class members are entitled to statutory damages of $5,000 under

11   Penal Code § 637.2 for every violation of Penal Code § 632.7.

12   **Adequacy**

13       28.    Plaintiff will fairly and adequately represent and protect the interests of the other

14   members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting

15   complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this

16   action vigorously on behalf of the other Class members and have the financial resources to do so.

17   Neither Plaintiff nor her counsel have any interests adverse to those of the other Class members.

18   **Superiority**

19       29.    A class action is superior to other available methods for the fair and efficient

20   adjudication of this controversy because individual litigation of the claims of all Class members

21   is impracticable and questions of law and fact common to the Class predominate over any

22   questions affecting only individual members of the Class. Even if every individual Class

23   member could afford individual litigation, the court system could not. It would be unduly

24   burdensome to the courts if individual litigation of the numerous cases were to be required.

25   Individualized litigation also would present the potential for varying, inconsistent, or

26   contradictory judgments and would magnify the delay and expense to all parties and to the court

27   system resulting from multiple trials of the same factual issues. By contrast, the conduct of this

28   action as a class action with respect to some or all of the issues will present fewer management

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF            6

1  difficulties, conserve the resources of the court system and the parties and protect the rights of

2  each Class member. Further, it will prevent the very real harm that would be suffered by

3  numerous putative Class members who simply will be unable to enforce individual claims of this

4  size on their own, and by Defendants' competitors, who will be placed at a competitive

5  disadvantage as their reward for obeying the law. Plaintiff anticipates no difficulty in the

6  management of this case as a class action.

7      30.    The prosecution of separate actions by individual Class members may create a

8  risk of adjudications with respect to them that would, as a practical matter, be dispositive of the

9  interests of other Class members not parties to those adjudications or that would substantially

10  impair or impede the ability of those non-party Class members to protect their interests.

11      31.    The prosecution of individual actions by Class members would establish

12  inconsistent standards of conduct for Defendants.

13      32.    Defendants have acted or refused to act in respects generally applicable to the

14  Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief

15  with regard to members of the Class as a whole as requested herein. Likewise, Defendants'

16  conduct as described above is unlawful, is capable of repetition, and will continue unless

17  restrained and enjoined by the Court.

18                          **FIRST CAUSE OF ACTION**

19      **Unlawful Recording and Intercepting of Communications against All Defendants**

20                   **(Violation of California Penal Code § 632.7)**

21      33.    Plaintiff incorporates each allegation set forth above as if fully set forth herein

22  and further alleges as follows.

23      34.    Plaintiff participated in at least one telephone call that she made from California

24  with Defendants' employees or agents at the Best Western central reservations call center and is

25  informed and believes that she initiated it through a call to Best Western central reservations.

26  Plaintiff used a cellular telephone to engage in the conversations.

27      35.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

28  times, Defendants had a policy and practice of using a telephone system that enabled them to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    7

1  surreptitiously record and/or monitor conversations between Plaintiff and Class members using
2  cellular or cordless telephones and the Best Western central reservations call center.

3      36.    Plaintiff is informed and believes and on that ground alleges that Defendants had
4  and followed a policy and practice of intentionally and surreptitiously recording and/or
5  monitoring Plaintiff's and Class members' cellular and cordless telephone conversations with
6  Best Western central reservations call center.

7      37.    Plaintiff is informed and believes and on that ground alleges that Defendants had
8  and followed a policy and practice of not advising or warning Plaintiff or Class members that
9  their cellular and cordless telephone communications with Best Western central reservations call
10 center would be recorded and/or monitored. Because Defendants did not disclose to Plaintiff or
11 Class members that their calls were being recorded and/or monitored, Defendants did not obtain,
12 and could not have obtained, Plaintiff's or Class members' express or implied advance consent
13 to the recording or monitoring of those conversations. As a result, Plaintiff and Class members
14 had an objectively reasonable expectation that their calls were not being recorded and/or
15 monitored. That expectation and its objective reasonableness arise, in part, from the objective
16 offensiveness of surreptitiously recording people's conversations, the absence of even a simple
17 pre-recorded message as short as four simple words – "calls may be recorded" – and the ease
18 with which such a message could have been put in place. As the California Supreme Court has
19 stated, "in light of the circumstance that California consumers are accustomed to being informed
20 at the outset of a telephone call whenever a business entity intends to record the call, it appears
21 equally plausible that, in the absence of such an advisement, a California consumer reasonably
22 would anticipate that such a telephone call is not being recorded, particularly in view of the
23 strong privacy interest most persons have with regard to the personal financial information
24 frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th
25 95.)

26     38.    Defendants' conduct as described above violated California Penal Code §
27 632.7(a). Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to
28 $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    8

1   amount deemed proper by the California Legislature.   Plaintiff and Class members also are

2   entitled to injunctive relief to enjoin further violations.

3

4   PRAYER FOR RELIEF

5         WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for the

6   following relief:

7         a.    An order certifying the Class and appointing Plaintiff Simpson representative of

8            the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

9         b.    An order declaring that the actions of Defendants, as described above, violate

10           California Penal Code § 632.7;

11        c.    A judgment for and award of statutory damages to Plaintiff and the members of

12           the Class pursuant to California Penal Code § 637.2;

13        d.    A permanent injunction under Penal Code § 637.2 enjoining Defendants from

14           engaging in further conduct in violation of California Penal Code § 630, *et seq;*

15        e.    Payment of costs of the suit;

16        f.    Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

17        g.    An award of pre- and post-judgment interest to the extent allowed by law; and

18        h.    For such other or further relief as the Court may deem proper.

19

20                      Respectfully submitted,

21  Dated: June 19, 2012            **KELLER GROVER LLP**

22

23                      Eric A. Grover

                    Attorney for Plaintiff

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF               9

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: June 19, 2012

**KELLER GROVER LLP**

Eric A. Grover
Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                        10

Exhibit A  Page 15

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415)543-1305 FAX NO.: (415)543-7861<br>ATTORNEY FOR *(Name):* Plaintiff LATROYA SIMPSON | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 2 0 2012<br>CLERK OF THE SUPERIOR COURT<br>By_____<br>Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE Oakland, CA. 94612
BRANCH NAME: Rene C. Davidson Courthouse

**CASE NAME:**
Simpson, et al. vs. Best Western International, Inc., et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>M12635543<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**BY FAX**

Date: June 19, 2012
Eric A. Grover
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 6

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A   Page 16