# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Latroya Simpson, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Best Western International, Inc.,<br><br>Defendant. | Case No.: 3:12-cv-04672-JCS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT AND DENYING DEFENDANT'S MOTION TO DISMISS [Dkt. Nos. 5, 8].** |

## I.    INTRODUCTION

Before the Court are Defendant Best Western International, Inc.'s ("Defendant" or "Best Western") Motion to Transfer Venue and Motion to Dismiss Plaintiff Latroya Simpson's ("Plaintiff" or "Simpson") Complaint.  Plaintiff brings this action on behalf of herself and a class of similarly situated individuals, asserting Best Western violated California Penal Code § 632.7 when its reservation center recorded her phone calls made with a cellular phone.  Defendant moves the Court to transfer this action to the Central District of California because the Honorable Manuel L. Real recently decided a similar issue, and because this action is just one of seven cases filed by Simpson in an effort to forum shop around Judge Real's decision.  Defendant also moves the Court to dismiss this case for Plaintiff's failure to state a claim, or in the alternative, strike class allegations.  Defendant contends Plaintiff fails to state a claim under § 632.7 because § 632.7 only applies to confidential communications, and/or only applies to third parties to a phone conversation.  The Court held a hearing on November 9, 2012, at 9:30a.m.  For the reasons set forth below, both Motions are DENIED.[1]

---

[1]  The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II.   REQUESTS FOR JUDICIAL NOTICE

Rule 201(b) of the Federal Rules of Evidence provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed.R.Evid. 201(b).

### A.   Court Documents Submitted with the Parties' Motions

Defendant requests the Court to take judicial notice of various state court complaints filed by Plaintiff or Plaintiff's lawyers against large hotel grounds in various counties across Northern California. *See* Dkt. No. 9 (Request for Judicial Notice in Support of Defendant's Motion to Dismiss) ("RJN Motion to Dismiss") Exhs. 4-11. "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Santos v. Cnty. of Los Angeles Dep't of Children and Family Servs.*, 299 F.Supp.2d 1070 (C.D. Cal. 2004), *affirmed* 200 Fed.Appx. 681, 2006 WL 2521553 (district court took judicial notice of records in state court cases). The Court hereby takes judicial notice of the following complaints:

1. *Rick Young v. Hilton Worldwide, Inc., et al.*, C.D. Cal., Case No. 12-1788, originally filed on January 27, 2012 in Los Angeles County Superior Court, Case No. BC 477922;

2. *Latroya Simpson v. Vagabond Franchise System Inc.*, Case No. 2012-00126259-CV, Super. Ct. Sacramento, filed June 19, 2012;

3. *Latroya Simpson v. Vantage Hospitality Group, Inc., Super. Ct. Alameda*, Case No. RG 12637277, filed June 29, 2012;

4. *Latroya Simpson v. Doubletree Management LLC, et al.*, Super. Ct. Contra Costa, Case No. C12-016033, filed July 3, 2012;

5. *Laura McCabe and Latroya Simpson v. Intercontinental Hotels Group Resources, Inc.*, Case No. RG12637671, Super. Ct. Alameda, filed July 3, 2012;

6. *Latroya Simpson v. Ramada Worldwide, Inc.*, Case No. CV174549, Super Ct. Santa Cruz, filed July 3, 2012;

United States District Court
Northern District of California

7. *Andre McMachon and Latroya Simpson v. Embassy Suites Management*, Case No. CGC-12-522496, Super. Ct. San Francisco, filed July 18, 2012; and

8. *Joyce Roberts v. Wyndham International Inc.*, Case No. RG 12639819, Super. Ct. Alameda, filed July 18, 2012.

RJN Motion to Dismiss, Exhs. 4-11. The Court also takes judicial notice of Judge Real's Order in *Rick Young v. Hilton*. *See* RJN Motion to Dismiss, Exh. 3. The Court also grants Plaintiff's request for judicial notice of various court documents submitted with Plaintiff's Oppositions to Defendant's Motion to Transfer the Motion to Dismiss. *See* Dkt. No. 18, Attachment #2 (Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant's Motion to Transfer), Exhs. 1-6; Dkt. No 19, Attachment #1 (Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss).

**B.      Legislative History Submitted with Defendant's Reply for Motion to Dismiss**

Defendant submitted an additional Request for Judicial Notice with its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss. *See* Dkt. No. 23. Plaintiff objects on grounds these documents were improperly submitted with Defendant's Reply. *See* Dkt. No. 24. However, Plaintiff does not state any substantive challenge to proposed evidence, and instead relies on the contention that under Local Rules 7-3(a) and (d), any opposition or comments to reply evidence must be submitted within the Plaintiff's Opposition. Plaintiff is incorrect. Local Rule 7-3(d) proscribes a party from submitting additional memoranda after the reply *except* in limited circumstances, such as when the moving party submits new evidence with the reply. In that case, "the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence[.]" Local Rule 7-3(d)(1). Although such filing "may not include further argument on the motion[,]" the objecting party should state some substantive challenge to the evidence to which he or she objects. Defendant was permitted to submit an additional Request for Judicial Notice with its reply. *See* Fed.R.Evid. 201(d) ("The court may take judicial notice *at any stage of the proceeding*.") (emphasis added); *see also* Local Rule 7-3(c) ("Any reply to an opposition may

include affidavits or declarations").  Because Plaintiff failed to meaningfully object to this Request for Judicial Notice, Plaintiff's objection is overruled.

Defendant requests the Court to take judicial notice of various items with its Reply.  The Court grants Defendant's request for judicial notice with regard to the California Statutes of 1985 and 1990, as well as the Honorable Dale Fischer's Order in *Nader v. Capital One Bank*.  *See* Dkt. No. 23, Exhs. 1-2, 5.  The Court also takes judicial notice of the AB 2465 (Cal. Penal Code § 632.7) Author's Statement of Intent.  *See* Dkt. No. 23, Exh. 4; *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of legislative history for California statutes). However, the Court's own search for California Penal Code § 632.7's legislative history was much broader, and revealed an additional paragraph in the Statement of Intent, which is cited in this Order and which was absent in the Statement of Intent submitted by Defendant.  Moreover, the Court declines to take judicial notice of the letter written by Michael S. Sands to Assemblymembers Phil Isenberg and Lloyd Connelly (dated August 31, 1991), because Defendant did not provide any legal support that such a letter is judicially noticeable.

## III.    BACKGROUND

Plaintiff alleges that between July 2011 and September 2011, she called Best Western's reservation center using her cellular phone to make reservations, and her calls were recorded without her knowledge or consent.  *See* Dkt. No. 1, Exh. A ("Compl.") ¶¶ 17, 18.  Plaintiff alleges she shared sensitive personal information during these phone calls, such as her name and her credit card information.  *Id*. ¶ 17.  Plaintiff alleges she had a reasonable expectation that her telephone conversation would remain private, and the recording of these conversations without her consent was "highly offensive."  *Id*. ¶ 19.  Plaintiff asserts that Best Western violated California Penal Code § 632.7 when it recorded her phone calls without consent.  *Id*. ¶¶ 33-38. Plaintiff brings one cause of action under California Penal Code § 632.7 on behalf of herself and class of similarly situated individuals defined as:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Best Western central reservations call center from a cellular or cordless telephone located in California and whose

calls with the Best Western central reservations call center were recorded and/or monitored by Defendants surreptitiously or without disclosure.

*Id.* ¶ 20.  Plaintiff requests "$5,000 in statutory damages per violation, even in the absence of proof of actual damages[.]"  *Id.* ¶ 38; *see* Cal. Penal Code § 637.2.[2]

On July 18, 2012, the Honorable Manuel L. Real from the Central District of California recently dismissed a similar case filed by the same lawyers that represent Plaintiff in this case against Hilton Worldwide, Inc. ("Hilton").  *See* RJN Motion to Dismiss, Exh. 3 (Judge Real's order in *Rick Young v. Hilton Worldwide, Inc., et al.*, C.D. Cal., Case No. 12-1788) ("*Young*").  The complaint in *Young* was very similar to the Complaint in this case, except the fact the complaint in *Young* contained two causes of action, asserting violations of both California Penal Code § 632 *and* California Penal Code § 632.7.  *See* RJN Motion to Transfer, Exh. 4 (Rick Young's complaint against Hilton) at 8-9.  Judge Real dismissed the complaint with prejudice by finding that Hilton did not violate § 632 when it recorded the plaintiff's calls because there was no reasonable expectation of privacy, an essential element of a § 632 claim.  *Young*, at 1-2; *see also Flanagan v. Flanagan*, 27 Cal.4th 766 (2002).  However, Judge Real did not expressly rule on the second cause of action asserting a violation of § 632.7.  *See Young*, at 1-2.

On July 20, 2012, two days after Judge Real dismissed the complaint in *Young*, Plaintiff filed the instant Complaint in the Superior Court of the State of California for the County of Alameda.  Dkt. No. 1, Exh. A ("Compl.") at 5.  Defendant removed the action to the Northern District of California on September 7, 2012.  Dkt. No. 1 at 1.  In addition to filing the instant Complaint, Plaintiff filed six other complaints against other large hotel groups in state courts

---

[2] Section 637.2 allows for an individual cause of action for violations of § 632.7, and states in relevant part:

"(a) Any person who *has been injured* by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

(1) Five thousand dollars ($5,000).

(2) Three times the amount of actual damages, if any, sustained by the plaintiff.

(b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, *bring an action to enjoin and restrain any violation of this chapter,* and may in the same action seek damages as provided by subdivision (a).

(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." Cal. Penal Code § 637.2 (emphasis added).

United States District Court
Northern District of California

1   across counties in Northern California within one month of Judge Real's dismissal.  *See* RJN

2   Motion to Dismiss, Exhs. 5-8, 10-11.  All complaints were filed by the same lawyers, who also

3   filed one more complaint on behalf of another class representative plaintiff in Alameda.  *See id.* at

4   Exh. 9.  All the complaints include class allegations under § 632.7 against various hotels who

5   record incoming calls from customers making reservations.  *See id.* at Exhs. 4-11.  Two of these

6   complaints also include class allegations asserting violations of § 632.  *See id.* at Exhs. 7, 9.

7        On September 14, 2012, Defendant filed two motions.  *See* Dkt. Nos. 5, 8.  The first is a

8   Motion to Transfer Venue to the Central District of California based on Judge Real's decision in

9   *Young* and Plaintiff's filing of several similar complaints in different counties across Northern

10  California.  Dkt. No. 5 ("Motion to Transfer").  The second is a Motion to Dismiss Plaintiff's

11  Complaint, or in the Alternative, Strike Class Allegations.  Dkt. No. 8 ("Motion to Dismiss").

12  Defendant has requested the Court to consider the Motion to Transfer before the Motion to

13  Dismiss.  Motion to Dismiss at 1 n. 3.

14  **IV.    DISCUSSION**

15        **A.    Motion to Transfer Venue**

16             **1.    *Legal Standard under 28 U.S.C. § 1404(a)***

17        A case may be transferred "[f]or the convenience of parties and witnesses, in the interests

18  of justice," to "any other district or division where it might have been brought[.]"  28 U.S.C. §

19  1404(a).  There are two prongs to this analysis.  First, the transferee district must be a district

20  where the case could have originally been filed, meaning the court has jurisdiction and venue is

21  proper.  *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711 (MHP), 2003 WL

22  22387598, at *1 (N.D. Cal. Oct. 14, 2003).  The moving party bears the burden to prove this first

23  step.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  If the

24  first prong is satisfied, the court decides in its discretion whether to grant or deny a motion to

25  transfer, balancing "the plaintiff's interest to freely choose a litigation forum against the aggregate

26  considerations of convenience of the defendants and witnesses and the interests of justice."

27  *Wireless Consumers*, 2003 WL 22387598, at *1; 28 U.S.C. § 1404(a).

28  //

2.    *Analysis*

Plaintiff does not dispute that this case could have been filed in the Central District.  The Central District would have subject-matter jurisdiction under CAFA.  The Central District would have personal jurisdiction over all parties, as Plaintiff alleges she is a resident of California, and Best Western does not contest personal jurisdiction.  Compl. ¶ 4.  Finally, venue is proper because Plaintiff's allegations encompass all calls made to Best Western throughout California, many of which will have been made from the Central District, thus "a substantial part of the events or omissions giving rise to the claim occurred" in the Central District.  *See* Compl. ¶ 20; 28 U.S.C. § 1391(b)(2).  The Court therefore concludes the first prong of the transfer analysis is satisfied.  *See* 28 U.S.C. § 1404(a).

Having determined this action could have been brought in the Central District of California, the Court now considers whether transfer would be in the interests of justice and/or more convenient for the parties and witnesses.  *See* 28 U.S.C. § 1404(a).  Defendant contends transfer is in the interest of justice because it would promote judicial efficiency, as Judge Real recently decided essentially the same case in *Young*.  Defendant also argues that Plaintiff's filing of six similar complaints in counties across Northern California is evidence of her attempt to forum shop around Judge Real's unfavorable precedent.  Moreover, Defendant contends Plaintiff's choice of forum is not entitled to substantial weight because she brings this case in a representative capacity and does not reside in the Northern District.  Defendant also argues the convenience factors in this case are neutral.  Plaintiff opposes Defendant's Motion to Transfer on all of these grounds.

The Motion to Transfer is denied.  First, the two actions have no parties in common.  Second, Judge Real explicitly addressed only the applicability of § 632 to calls made to a hotel's reservation line, not the applicability of § 632.7, which is asserted here.  The Court can find no case where transfer was granted in such a circumstance.  Moreover, Defendant's assertion of forum shopping by Plaintiff is without merit.  One could just as easily accuse Defendant of using the Motion to Transfer to shop for a more favorable forum—in light of the fact that none of the parties to this case were parties to the *Young* case.

7

**B.      Motion to Dismiss**

   **1.      *Legal Standard under Rule 12(b)(6)***

   A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 12(b)(6).  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N.Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and contrue(s) them in the lights most favorable to the non-moving party."  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).

   Generally, the plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The factual allegations must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Twombly*, 550 U.S. at 545.  "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 663.

   **2.      *Analysis***

   Section 632.7 prohibits the recording of communications made through at least one cellular or cordless telephone.  The statute provides that criminal penalties will be imposed on "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records or assists in the interception or reception and intentional recordation of, a communication transmitted" where at least one party uses a cellular or cordless phone. Cal. Penal Code § 632.7(a).[3]

_____

[3] The full text of § 632.7(a) reads: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular

United States District Court
Northern District of California

8

1    Defendant contends Plaintiff has failed to state a claim for relief under § 632.7 for two

2    reasons.  First, Defendant argues that § 632.7 only applies to "confidential communications" in

3    which a party to a telephone conversation has a reasonable expectation of privacy.  Defendant

4    contends Plaintiff had no reasonable expectation of privacy in her calls to Best Western's

5    reservation center, and therefore fails to state a claim for relief.  Next, Defendant argues that §

6    632.7 does not apply to participants of a communication (such as Plaintiff and Defendant), but

7    only to third parties.

8              i.       **Whether § 632.7 is Limited to Confidential Communications**

9    Section 632.7 is one of three statutes that compose California's Cordless and Cellular

10   Radio Telephone Privacy Act, which is a subset of California's Invasion of Privacy Act.  In 1967,

11   the California Legislature passed the Invasion of Privacy Act to prevent invasions of privacy

12   facilitated by society's growing use of technology.  *See* Cal. Penal Code §§ 630 *et seq.*  Section

13   632, which is *not* at issue in this case, was one of the initial statutes passed in 1967.  *See id.*

14   Section 632 prohibits intentional eavesdropping upon or recording of "confidential

15   communications" on telephones or other devices.  *See* Cal. Penal Code § 632.[4]  In *Flanagan v.*

16   *Flanagan*, the California Supreme Court held that "a conversation is confidential under section

17   632 if a party to that conversation has an objectively reasonable expectation that the conversation

18   is not being overheard or recorded."  27 Cal.4th 766, 776-77 (2002).

19   Defendant argues that because § 632 is limited to "confidential communications," § 632.7

20   must also be limited to "confidential communications."  Defendant also argues that because the

21   California Legislature's statutorily prescribed intent of the Invasion of Privacy Act is to protect

22   _____

23   radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a
     cordless telephone and a landline telephone, or a cordless telephone and a cellular radio

24   telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500),
     or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that

25   fine and imprisonment."  Cal. Penal Code § 632.7(a).
            [4]   Section 632(a) reads, in relevant part: "Every person who, intentionally and without the

26   consent of all parties to a confidential communication, by means of any electronic amplifying or
     recording device, eavesdrops upon or records the confidential communication, whether the

27   communication is carried on among the parties in the presence of one another or by means of a
     telegraph, telephone, or other device, except a radio, shall be punished[.]"  Cal. Penal Code §

28   632(a).

United States District Court
Northern District of California

"private communications," *see* § 630, this Court should limit the scope of § 632.7 to confidential communications. However, Defendant's arguments are contrary to the text of § 632.7. *See Delaney v. Superior Court*, 50 Cal.3d 785, 798 (1990) (statutory construction begins with the language of the statue). There is a significant difference between the text of § 632 and § 632.7. Only § 632 includes the words "confidential communications," thereby limiting the scope of that statute to "confidential communications." Section 632.7, however, does not include such narrowing language. The California Supreme Court has noted this difference, and in *Flanagan*, wrote that § 632.7 "applies to all communications, not just confidential communications." *Flanagan*, 267 Cal.4th at 771 n. 2.[5] Defendant does not attempt to explain this statement in *Flanagan*, and provides no compelling reason why this Court should diverge from the Supreme Court's guidance. Therefore, the Court holds that § 632.7 "applies to all communications, not just confidential communications." *Id.* According, the Court will not dismiss Plaintiff's § 632.7 claim on this ground.

### ii.    Whether § 632.7 is Limited to Third Parties

Defendant next argues that § 632.7 does not apply to participants of a cellular or cordless telephone conversation. Section 632.7 imposes penalties on "[e]very person who, without the consent of all parties to a communication, *intercepts or receives and intentionally records* … a communication" where at least one party uses a cellular or cordless phone. Cal. Penal Code § 632.7(a) (emphasis added). Defendant argues only a third party "intercepts or receives" a cellular or cordless communication, and because Best Western was a party to all of the alleged communications in this case, Plaintiff's § 632.7 claim fails as a matter of law.

To determine whether Defendant's interpretation of § 632.7 is correct, the Court turns to California's principles of statutory construction. "Under California law, statutory construction

---

[5] The court in *Flanagan* further noted: "Significantly, those [wireless] statutes protect against interception or recording of *any* communication. When the Legislature determined that there was no practical means of protecting cordless and cellular phone conversations from accidental eavesdropping, it chose to protect all such conversations from malicious or intentional eavesdropping or recording, rather than protecting only conversations where a party wanted to keep the content secret." *Flanagan*, 267 Cal.4th at 776.

1    begins with the language of the statute … if the language of the statue is clear and unambiguous,

2    the statutory analysis ends." *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 490 (9th Cir. 1996)

3    (citing *Delaney*, 50 Cal.3d at 798).  "When the wording of the statute is ambiguous, however, a

4    court may consider extrinsic evidence of the legislature's intent, 'including the statutory scheme

5    of which the provision is a party, the history and background of the statute, the apparent purpose,

6    and any considerations of constitutionality.'"  *In re First T.D. & Inv., Inc. v. Chang*, 253 F.3d

7    520, 527 (9th Cir. 2001) (quoting *Hughes v. Bd. of Architectural Examiners*, 17 Cal.4th 763, 776

8    (1998).

9         Although the Court finds no California state case law addressing the interpretation of §

10    632.7 at issue here, a district court from the Central District recently considered this exact

11    question.  *See Brown v. Defender Security Co.*, No. 12-7319, 2012 WL 5308964 (C.D. Cal. Oct.

12    22, 2012).  In *Brown*, the court found it "clear and unambiguous" from the text of the statute that

13    "§ 632.7 prevents a *party* to a cell phone conversation from recording it without the consent of all

14    parties to the conversation." *Id*. at *5 (emphasis added).  The court reasoned that "as a matter of

15    common usage, the participants in a conversation 'receive' communications from each other." *Id.*

16    The court also found support in the disjunctive "or" between the words "intercepts" and

17    "receives," and held that because "'intercepts' is most naturally interpreted to refer to conduct

18    whereby an unknown party secretly accesses a conversation, 'receives' is naturally read to refer to

19    something other than access to a conversation by an unknown interloper." *Id.*  Because the court

20    believed the language in § 632.7 to be "clear and unambiguous," the court felt "no need to

21    consider legislative history." *Id*. at *5 n. 3.

22         With regard to whether § 632.7's language is "clear and unambiguous," the Court

23    respectfully disagrees.  Rather, this Court finds the term "receives" in § 632.7 to be susceptible to

24    at least two plausible interpretations.  On the one hand, the word "receives" could mean a third

25    party who inadvertently "receives" a cellular communication by happenstance, as opposed to

26    "intercepting" the cellular communication intentionally.  Defendant provides support for this

27    interpretation by showing that §§ 632.5-632.6, the other two statutes in the Cordless and Cellular

28    Radio Telephone Privacy Act, use the words "intercepting and receiving" to apply only to third

11

United States District Court
Northern District of California

1  parties.  On the other hand, "received" could have the meaning ascribed to it by the court in

2  *Brown*, that parties to a conversation "receive" communications from one another.  *See Brown*,

3  2012 WL 5308964, *5.  Because the Court finds the word "receives" to be ambiguous, it is

4  necessary to look to the legislative history of § 632.7 to determine whether the California

5  Legislature intended the statute to apply to participants of the telephone conversation, or just to

6  third parties.  *See Chang*, 253 F.3d at 527 (quoting *Hughes*, 17 Cal.4th at 776).

7          In 1992, the California Legislature passed § 632.7 without any opposition.  Cal. Dept. of

8  Consumer Affairs, Enrolled Bill Report on Assem. Bill No. 2465 (1992), at 4.  The statute was

9  intended to "simply extend[] to persons who use cellular or cordless telephones the same

10 protection from recordation that persons using 'landline' telephones presently enjoy."  Author

11 Lloyd G. Connelly's Statement of Intent, Assem. Bill No. 2465 (1992), at 1.  At the time, § 632

12 prohibited recording confidential communications, but the Legislature assumed that § 632 only

13 applied to communications made on landlines and not to communications made on cellular or

14 cordless phones.  *See* Letter to Governor Pete Wilson from Assembly Member Lloyd G. Connelly

15 (July 2, 1992) ("under existing law, it is not illegal to record the otherwise private conversations

16 of persons using cellular or cordless telephones").  Moreover, at the time, §§ 632.5 and 632.6

17 protected communications made on cellular or cordless phones from malicious eavesdropping,

18 but those statutes did not protect against recording.  *See* §§ 632.5-632.6.  The Legislature sought

19 to fill in this gap by similarly prohibiting the recordation of communications made on cellular or

20 cordless phones.  Notably, then-existing law prohibiting the recording of landline

21 communications *extended to parties* of the conversation.  *See Warner v. Kahn*, 99 Cal.App. 3d

22 805 (1979) (stating the language in § 632 "has uniformly been construed to prohibit one party to a

23 confidential communication from recording that communication without the knowledge or

24 consent of the other party."); *see also Flanagan*, 27 Cal.4th at 777 (holding a party to the

25 conversation liable).

26         With the Legislature's intent in mind, § 632.7 may fairly be read to apply to parties to the

27 communication, as well to as third parties.  Section 632.7 imposes penalties on "[e]very person

28 who, without the consent of all parties to a communication, *intercepts or receives* and

United States District Court
Northern District of California

1  intentionally records" a cellular or cordless communication. Cal. Penal Code § 632.7(a)

2  (emphasis added). While the word "intercepts" is most naturally interpreted to refer to a third

3  party who accesses the communication, the word "receives" is much broader. Under an ordinary

4  use of the word, each party to a conversation "receives" communications as they hear the words

5  spoken to them from the other party. This is the interpretation of the word "receives" the Court

6  adopts today.

7        Defendant argues that because the other two statutes in the Cordless and Cellular Radio

8  Telephone Privacy Act (§§ 632.5-632.6) use the words "intercepting and receiving," and because

9  these statutes only apply to third parties, § 632.7 should only apply to third parties as well.

10  However, "intercepting and receiving" are not the words in §§ 632.5-632.6 which limit the scope

11  of these statutes to third parties. Sections §§ 632.5-632.6 prohibit eavesdropping upon

12  communications made on cellular or cordless phones, and impose penalties upon "[e]very person

13  who, *maliciously* and without the consent of all parties to the communication, *intercepts, receives*,

14  or assists in *intercepting or receiving* a communication[.]" Cal. Penal Code §§ 632.5-632.6

15  (emphasis added). The word "maliciously" narrows the scope of §§ 632.5-632.6 to third parties

16  because a party to the communication cannot act "maliciously" when they "receive" a

17  communication.

18        As explained above, the Court finds the word "receives" in § 632.7 to be ambiguous, as it

19  has many potential interpretations. However, the Legislature intended to extend the protections

20  against recording landline conversations—which applied to parties—to cellular communications.

21  Interpreting § 632.7 to only apply to third parties would defeat the Legislature's intent.

22  Therefore, the Court finds that § 632.7 applies to parties to the communication as well as third

23  parties. Accordingly, Defendant's Motion to Dismiss is DENIED.

24        **C.**    **Motion to Strike Class Allegations**

25        Defendant has also requested alternative relief to strike the class allegations from

26  Plaintiff's Complaint, and suggests three reasons why this Court should do so. Defendant's first

27  argument is premised upon the assumption that § 632.7 only applies to confidential

28  communications. Because the Court has already decided that § 632.7 applies more broadly to any

13

communication, this argument fails. The Court also declines to consider Defendant's second and third arguments in this stage of litigation. Although it is not *per se* improper for a defendant to move to strike class allegations before the motion for class certification, *see Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009), most courts decline to grant such motions because "the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). Because the Court finds it procedurally proper to allow for discovery before considering whether the proposed class is sound, Defendant's motion to strike class allegations is denied without prejudice.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue to the Central District of California and Motion to Dismiss, or in the Alternative, Strike Class Allegations, are DENIED.

IT IS SO ORDERED.

Dated: November 9, 2012

_____
Joseph C. Spero
United States Magistrate Judge

14